IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDSEY BROWN, RICHARD )
STONE, DIANE STONE, JOHN )
ANDERSON, and KRISTIN )
ANDERSON, )
 )     CIVIL ACTION FILE NO.
Plaintiffs, )     1:19-CV-03288-JPB
 )
v. )
 )
ATLANTIC CASUALTY )
INSURANCE COMPANY, )
 )
Defendant. )
_____ )

## MOTION TO REMAND

Plaintiffs Lindsey Brown, Richard Stone, Diane Stone, John Anderson, and

Kristin Anderson ("Plaintiffs") file this Motion to Remand, moving the Court to

remand this action to the Fulton County, Georgia[1] Superior Court pursuant to 28

U.S.C. § 1447 because Defendant Atlantic Casualty Insurance Company

("Atlantic") has improperly removed it.  In addition, Atlantic should be ordered to

reimburse Plaintiff for the fees and costs incurred in responding to the improper

removal pursuant to 28 U.S.C. § 1447 (c).

---

[1]All references to states courts are Georgia courts.

1

## PROCEDURAL BACKGROUND

This action commenced on June 15, 2008 in the Superior Court of Gwinnett County, Georgia, Case No. 18A05266-7. Plaintiffs sued three defendants:  Atlantic[2], Wolfpack Insurance Services ("Wolfpack")[3], and Keith Wolf ("Wolf), individually. The following events are pertinent:

(1)     Plaintiffs did not find Atlantic in the Georgia Secretary of State records or the Georgia Insurance Commissioner, so Atlantic was served through its parent, Auto-Owners Insurance Company ("Auto-Owners") by Auto-Owners' registered agent in Gwinnett County. *See Verified Complaint, Amended Notice of Removal, Exhibit 1, ¶ 8, 9.*  A summary of events reflecting communications initiated by Auto-Owners with Plaintiffs seeking to have Auto-Owners dismissed in exchange for acknowledging service of Atlantic is attached as a Certificate to Plaintiffs' Motion for Default Judgment filed in Gwinnett County Superior Court, a true and accurate copy of which is attached hereto and incorporated herein as Exhibit A.   Ultimately, a Consent Order among Atlantic, Wolfpack, Wolf and Plaintiffs dismissing Auto-Owners was agreed to and submitted to the court.

(2)     On August 18, 2018, the Gwinnett County Superior Court entered that Consent Order [Doc. 6] Item 4 of that Consent Order states:

---

[2]In the Verified Complaint, Atlantic is referenced as "ACIC."
[3]Wolfpack is Atlantic's broker.

Plaintiffs and Auto-Owners have agreed that dismissal of Auto-Owners is appropriate because Auto-Owners did not prepare or underwrite the subject insurance policy. <u>Also, Atlantic has agreed to acknowledge service of Plaintiffs' Verified Complaint</u> (emphasis added).[4]

The effect of that Consent Motion was that the dropping of Auto-Owners from the case caused venue to vanish in Gwinnett County, because no other defendants resided there. *See a true and accurate copy of that Consent Order is attached hereto and incorporated herein as Exhibit B.*

(3)    Atlantic prepared a proposed "Acknowledgment of Service and Waiver of Process" and sent it to Plaintiffs to "review and bless." *See, Certificate, ¶5.* In response, the undersigned Plaintiffs' counsel stated by email: "I am agreeable to dismissing Auto Owners without prejudice if you will acknowledge service for Atlantic." *See, Certificate, ¶5.* However, Atlantic did not sign its proposed acknowledgement of service (or any other similar pleading).

(4)    On October 17, 2018, the Gwinnett County Superior Court entered an order transferring the case to Cobb County Superior Court. This apparently occurred in response to Wolfpack and Wolf's Motion to Transfer, arguing that venue was no

---

[4]Below the signature block were the words "Counsel for Auto-Owners Insurance Company **and** Atlantic Casualty Insurance Company" (emphasis added).

longer viable in Gwinnett County and that Wolf resided in Cobb County (although Wolfpack had been served in Cherokee County).

(5)    No acknowledgment of service having been filed by Atlantic as agreed in the Consent Order, on November 26, 2018, Plaintiffs filed a Motion for Default Judgment pursuant to O.C.G.A. § 9-11-55 which addresses a plaintiff's options when "an answer has not been filed within the time required." The motion also argued that Atlantic had waived service of process because it agreed to acknowledge service (as referenced in the Certificate), but either failed or refused to file the agreed form of acknowledgment that Atlantic had drafted and had requested Plaintiffs' "blessing" which was given.   Plaintiffs also argued in their Motion for Default Judgment that Atlantic had made a general appearance without reserving the defenses of insufficiency of process and service of process when it jointly proposed and signed the Consent Order. Plaintiffs further argued that by appearing without asserting defenses, Atlantic waived certain of its defenses, including its right to object to venue.  Plaintiffs also argued that Atlantic's stated plans to seek bifurcation of the case would cause Plaintiffs unnecessary trouble and expense to pursue their claims arising from the same set of operative facts "in two different courts in two separate counties does not comport with the ends of justice, would cause Plaintiffs unnecessary trouble and expense, and is not in the interest of judicial economy." Plaintiffs also argued in their memorandum of law that Atlantic's position that

O.C.G.A. § 33-5-34 "mandates" that venue for a case against a "foreign unauthorized surplus lines carrier" must be in the county where the "cause of action" arose (which is Fulton County) no longer applied because the defense of improper venue had been waived.

(6)    On December 12, 2018, nearly four months after Atlantic stated in item four of the Consent Oder that Atlantic "has agreed to acknowledge service of Plaintiffs' Verified Complaint," and soon after the default judgment was filed, Atlantic filed its Verified Answer. That pleading included for the first time a defense of "insufficiency of process and service of process" as its eleventh defense.

On February 18, 2019, a hearing was held. The Cobb Court denied Plaintiffs' Motion for Default Judgment from the bench and announced that it agreed that the case against Atlantic should be transferred to Fulton County Superior Court. The Court subsequently entered an Order on June 21, 2019 that denied Wolfpack and Wolf's Motion for Judgment on the Pleadings against Plaintiffs, denied the default judgment motion, and directed that the case be transferred to Fulton County. As a result, Wolfpack and Wolf's case remained in Cobb County Superior Court.

On July 19, 2019, more than one year after the case had commenced on June 15, 2018, Atlantic filed its Notice of Removal in this Court, to which this Motion for Remand responds. Realizing that it let the opportunity to pursue completion of the transfer to Fulton County and removal to this Court in a timely manner, allowing the

one year removal limitation rule to come into play, Atlantic has now elected to besmirch Plaintiffs' counsel and disguise its own dilatory actions as "bad faith" by Plaintiffs in an effort to escape the one year rule. That approach should be rejected by this Court.

Out of an abundance of caution, within a few weeks after the June 21, 2019 Order was entered, Plaintiffs obtained a summons from the clerk of this Court and served duplicate copies of the First Amended Complaint and related materials on the Georgia Insurance Commissioner as set forth in O.C.G.A. § 33-5-34. In so doing, Plaintiffs do not withdraw the facts set forth in the Certification establishing the enforceable agreement for Atlantic to sign and file an acknowledgment of service in July and August 2018, but served the Insurance Commissioner to terminate Atlantic's charade that it never acknowledged service in exchange for Plaintiffs' dismissal of Auto-Owners, which Plaintiffs did in consideration of Atlantic's promise to acknowledge service.

## ARGUMENT AND CITATION OF AUTHORITY

### I.     Remand Is Required For Numerous Reasons

**(a)     The Applicable Legal Authority**

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11

of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *28 U.S.C. § 1446 (a).* "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service <u>or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter*"* (emphasis added). *28 U.S.C. § 1446 (b).*

**(b)    The Time Limitation After Commencement To Remove**

There is a limit to the time to remove, however. "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than  1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *28 U.S.C. §1446 (c)(1).*

If a case does not qualify for removal at the time of receipt of the original process on a defendant, the defendant will have 30 days to file a notice of removal from the time an amended "pleading, motion, order, or other paper" giving notice of eligibility for removal is served, or of "after-acquired" eligibility for removal. *See,*

7

*e.g. Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1250 (9th Cir. 2006), holding that the 30-day time limit starts from receipt of an original pleading that:

> 'affirmatively reveals on its face the facts necessary for federal court jurisdiction.' Otherwise the thirty-day clock doesn't begin ticking until a defendant receives a copy of an amended pleading, motion, order or other paper' from which it can be determined that the case is removable.

**(c)       The One Year Rule vs. "After Acquired" Eligibility**

There is a time limit on the "after acquired" eligibility. Normally, this is no more than one year after the initiation of the lawsuit: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *28 U.S.C. § 1446 (c)(1). See Cf., e.g., In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 476 (8th Cir. 1995) (noting that diversity cases may not be removed if one year has elapsed since commencement of the suit, but the issue is waived when claimant failed to raise it).

For purposes of the one-year limitation, courts usually measure "commencement" of the case under the rules governing commencement in the relevant state court. *See, Bush v. Cheaptickets, Inc.,* 425 F.3d 683, 688 (9th Cir. 2005) (holding that for purposes of that one year limitation, a "great majority" of federal courts look to state court rules controlling commencement of action;

rejecting the minority approach of invariably starting running of one year from the date of service).

## (d)    "Commencement" Of A Civil Action Filed In A Georgia State Court

In Georgia, the Official Code of Georgia provides that "[a] civil action is commenced by filing a complaint with the court." *See*, *O.C.G.A. § 9-11—39 (a)*. Service or waiver is essential, but when made it relates back to the date of filing, which establishes the date on which the action is commenced. *See*, *Taylor v. Kohlmeyer & Co.*, 123 Ga. App. 493, 181 S.E. 2d 496 (1971). Therefore, the one-year period by which a notice of removal must be filed is measured from June 15, 2018, not June 21, 2019. Because more than one year elapsed before Atlantic filed its Notice of Removal, its notice is untimely and remand is required.

## (e)    The Case Was Not Eligible For Removal From Cobb County

Moreover, the case was not "pending" in Cobb Superior Court when it was removed by Atlantic. The case had already been transferred to Fulton Superior Court, necessitating an amended Notice of Removal that was not filed until July 22, 2019, more than 30 days after the Cobb Superior Court Order was entered that arguably created complete diversity. For removal to be effective under 28 U.S.C. § 1441, the case must have been in state court at the time the removal petition was filed. "Defendants may remove a "civil action" from state court to the federal district court located in "the place where such action is pending," as long as the

federal district court had "original jurisdiction" over the case. 28 U.S.C. § 1441(a) (emphasis added)." *See* *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013). Atlantic's lack of diligence to ascertain where the case was "pending" is fatal because the 30-day period elapsed before it could amend its Notice of Removal.

**(f)   The Allegation of Bad Faith Is Pretextual To Excuse Atlantic's Mistake**

It is apparent that Atlantic mistakenly based the timing of its Notice of Removal from the date of the Order dated June 21, 2019 (asserting after-acquired eligibility) and is seeking to avail itself of the exception in 28 U.S.C. § 1446 (c)(1) that the one year deadline may be overcome if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action" (emphasis added). Atlantic now finds itself trapped by the one-year rule and is left with asserting a "bad faith" claim that Plaintiffs "prevented [Atlantic] from removing the action." As will be shown below, Atlantic's effort to demonstrate "bad faith" in its Amended Notice of Removal filed in this Court on July 22, 2019 is without merit. Plaintiffs were unaware of any consideration by Atlantic to remove the case to the U. S. District Court until they were served with the Notice of Removal, so it would have been impossible for them to "contrive" pleadings and arguments to "prevent Atlantic from removing the action."

10

**II.** **Specific Response to Section II Alleging That "Plaintiffs' bad faith prevented Atlantic from removing the action, under 28 U.S.C § 1446(c)(1)"**

In an flagrant attempt to overcome the one year rule by asserting the exception of "bad faith in order to prevent a defendant from removing an action," Atlantic claims that Plaintiffs "delayed the transfer" (page 7); "kept the defendants together without substantial justification (page 7)"; "In effect, Plaintiffs fraudulently joined other defendants, to attempt to defeat venue and thereby diversity jurisdiction" (page 8); "Plaintiffs' actions were exclusively responsible for Atlantic's inability to remove the case within a year" (page 8); "Plaintiffs ignored repeated requests to bifurcate the case" (page 9); "without any legal authority to support his position, insisted that Cobb County was an appropriate venue" (page 9); "filed a contrived motion seeking default judgment" (page 9) and "failing to disclose to the Cobb County Superior Court Judge legal authority known to be directly adverse to his position, violated Rule 3.3(a); Code of Professional Responsibility" (page 10). All of these assertions, selectively cobbled together to misrepresent true events, are without merit.

Initially, the background for these allegations must be understood and that background is set forth in the Certificate supporting Plaintiffs' Motion For Default Judgment against Atlantic. When it was revealed by Auto-Owners counsel that Atlantic was a "nonadmitted surplus lines carrier" and had issued the insurance

policy under which Plaintiffs sought coverage, the proposal was made by Atlantic that if Plaintiffs dismissed Auto-Owners, Atlantic would acknowledge service. Atlantic went so far as to draft a proposed form of acknowledgement and transmitted it to Plaintiffs' to "review and bless" which was done. But it did not file it. *See, Certificate, ¶ 5.* For Atlantic to criticize Plaintiffs for "changing their mind" and "reversing course" as the Notice of Removal contends is inconsistent with Atlantic's own behavior. Atlantic would have the Court believe that any legal strategy that is changed or responsive to events is somehow "bad faith." As the Court knows, a litigant's strategies are dictated by the opponent's actions in many situations.

It became obvious to Plaintiffs that the insurer, its brokerage and its broker were communicating about tactics to create additional trouble and costs for Plaintiffs, and in particular, to force this action into two separate courts. Plaintiffs were within their rights to seek solutions which would keep all the parties in one court in the interest of judicial economy and financial economy.

Plaintiffs' Motion for Default Judgment was based on facts and law. Not only did Atlantic agree to acknowledge service in exchange for dismissal of its related company, Auto-Owners, then reneged on that agreement. *See, Certificate, ¶5.* Atlantic then appeared in two pleadings without preserving the defense of venue. There was nothing "contrived" about that motion. Atlantic appeared at the February 18, 2019 hearing and both parties argued their positions. At the end of the argument,

the Cobb County Judge orally denied the motion, commenting words to the effect of "I do not believe there was a meeting of the minds." There was nothing stated at that hearing that would suggest that the Court understood or hinted that the motion was "contrived."

As for Atlantic's contention that Plaintiffs caused Atlantic to delay removal past the one-year deadline, which is also without merit, Atlantic could have requested the Cobb Court to issue the transfer order at any time. The Court elected to address all argued matters in a single Order that addressed Wolfpack and Wolf's motion for judgment on the pleadings (denied), the default judgment motion (denied), and the transfer motion (granted). The latter two were ruled on orally from the bench, so Atlantic's position that it is Plaintiffs' fault that the Order was not issued until June is somehow Plaintiffs' fault is unjustified.

Finally, the vague assertion that Plaintiffs' counsel violated Rule 3.3(a) in "failing to disclose to the Cobb County Superior Court Judge legal authority in the controlling jurisdiction known by him to be directly adverse to his position" is illogical, vague, unnecessarily malicious, caustic, and, importantly, unseemly in this Court. All these points are in addition to the arguments asserted being wholly meritless. If the reference is asserting that Plaintiffs' counsel hid from the Court that the mandate of O.C.G.A. § 33-5-34 existed, that is untrue because there is a reference to that statute on page 8 of Plaintiffs' Motion For Default Judgment. Plaintiffs then

argued that "the opportunity for asserting venue as a defense has passed" citing both statutes and case law (on page 9). Plaintiffs also argued that on two occasions Atlantic had filed pleadings identified as on behalf of Atlantic, but had not raised any argument that venue was improper. Plaintiffs further stated on page 9 of their brief:

> Further, Defendant ACIC (Atlantic) has stated that it plans to seek bifurcation of the case so that separate defendants (the insurer and the agent/agency) may defend the case in two different Superior Courts even though this case arises from the same set of operative facts. Requiring Plaintiff homeowners to pursue their claims arising from the same set of operative facts in two different courts in two separate counties does not comport with the ends of justice, would cause Plaintiffs unnecessary trouble and expense, and is not in the interest of judicial economy.

These statements amount to full disclosure of Plaintiffs' strategy regarding bifurcation and does not comport with any argument that Plaintiffs' counsel "failed to disclose legal authority" to the Cobb Court. There was a reasonable argument that the mandate that a case against a nonadmitted surplus lines carrier be filed in the county where the cause of action arose had been waived by failure to assert venue in the first appearance of Atlantic. Moreover, because discovery has not yet begun because of these procedural delays, the precise venue of Plaintiffs' cause of action

14

may not yet be finally determined. While the damage occurred to residences in Fulton County, the insured vendor (Atlanta Cross Ties, Inc.) was also a Cobb County resident. It may be later discovered that the cause of action under O.C.G.A. § 33-5-34 arose in Cobb County. And Wolfpack, Atlantic's broker, was served in Cherokee County.

There is no evidence that Plaintiffs "delayed the transfer." If there was any delay, it was Atlantic's attempts to stay out of court even after they drafted a proposed acknowledgment of service, then "reversed course," and did not file it. Then, after the case was transferred from the Gwinnett Court to the Cobb Court, Atlantic answered on December 12, 2018, almost four months after the negotiations about service began (as described in the Certificate), and were agreed to memorialized in a Consent Order. Atlantic's approach appears to have been prompted by Plaintiffs' Motion For Default Judgment against Atlantic, to which it responded on December 12, 2018 (included in its motion to transfer venue to Fulton County). In that brief, Atlantic asserted:

> "Plaintiffs' Motion makes the patently false statement that Atlantic "was
>
> served with a summons and complaint on June 18, 2018."

That abrasive and untrue statement is another example of unnecessarily harsh rhetoric was has become the staple of Atlantic. In fact, Atlantic possessed a copy of the complaint, proposed an extension of time, notified other counsel in the case that

15

Auto-Owners would be dismissed by agreement and stated "In turn, Atlantic Casualty Insurance Company has agreed to acknowledge service of Plaintiffs' Verified Complaint.  I've attached a copy of the Acknowledgement for you, King [referencing Plaintiffs' undersigned counsel] to review and bless."  *See, Certificate,* *¶5.* Then, Atlantic joined in the proposed Consent Order.  Atlantic is playing a game of semantics when it accuses Plaintiffs of making a "patently false statement" when it drafted an acknowledgment of service while in possession of the complaint, but then failed or refused to sign it.

For all of these reasons, Plaintiffs respectfully requested that this case be REMANDED to Fulton Superior Court.

Respectfully submitted this 16th day of August, 2019.

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ *H. King Buttermore III*
H. King Buttermore III
State Bar of Georgia No.  100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
404-909-8119
404-909-8120 (fax)
Hkbuttermore@martensonlaw.com

16

# EXHIBIT A

ID# 2018-0164255-CV
⊜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18108343**

NOV 26, 2018 03:59 PM

Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| LINDSEY BROWN, RICHARD STONE, DIANE STONE, JOHN ANDERSON, and KRISTIN ANDERSON, ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE NO. 18-1-8343-99 |
| ) | |
| v. ) | |
| ) | |
| ATLANTIC CASUALTY INSURANCE COMPANY, ) ) | |
| ) | |
| WOLFPACK INSURANCE SERVICES, ) | |
| ) | |
| and ) | |
| ) | |
| KEITH WOLF, Agent, Individually, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY

COME NOW, Plaintiffs, Lindsey Brown, Richard Stone, Diane Stone, John Anderson, and

Kristin Anderson, through counsel, and move this Court to enter a default judgment pursuant to

O.C.G.A. § 9-11-55 against Defendant Atlantic Casualty Insurance Company ("Defendant ACIC")

in the liquidated amount of $80,000.00, to pay lien claimants, to pay for Plaintiffs' attorney's fees

all as prayed for in Plaintiffs' Complaint, and as set forth in Plaintiffs' brief in support of this

motion.

Respectfully submitted this _26th_ day of November, 2018.

MARTENSON, HASBROUCK & SIMON LLP

H. King Buttermore III
State Bar of Georgia No. 100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
404-909-8119
404-909-8120 (fax)
Hkbuttermore@martensonlaw.com

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

LINDSEY BROWN, RICHARD STONE,  )
DIANE STONE, JOHN ANDERSON,     )
and KRISTIN ANDERSON,            )
                                 )
                                 )    CIVIL ACTION FILE NO.
        Plaintiffs,              )    18-1-8343-99
                                 )
v.                               )
                                 )
ATLANTIC CASUALTY INSURANCE      )
COMPANY,                         )
                                 )
WOLFPACK INSURANCE SERVICES,     )
                                 )
and                              )
                                 )
KEITH WOLF, Agent, Individually, )
                                 )
        Defendants.              )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties of record in the foregoing matter with a copy of ***MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY*** with the Clerk of Court using PeachCourt e-file system which will automatically send email notification of such filing to the following attorneys of record, and by depositing a copy of the same in the United States mail, in an envelope properly addressed to the following, with adequate postage thereon to:

Dana K. Maine
M. Brandon Howard
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Steven D. Ginsburg
Daniel P. Hendrix
Litchfield Cavo LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339

This 26th day of November, 2018.

MARTENSON, HASBROUCK & SIMON LLP

_____

H. King Buttermore III
Georgia Bar No. 100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119
hkingbuttermorer@martensonlaw.com

ID# 2018-0164281-CV
≝ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18108343**

NOV 26, 2018 04:06 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| LINDSEY BROWN, RICHARD STONE, DIANE STONE, JOHN ANDERSON, and KRISTIN ANDERSON, | ) ) ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) | 18-1-8343-99 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ATLANTIC CASUALTY INSURANCE COMPANY; | ) ) | |
| | ) | |
| WOLFPACK INSURANCE SERVICES; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEITH WOLF, Agent, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY

### Status of the Case

Plaintiffs obtained a judgment against Atlanta Cross Ties, Inc., ("ACT") a vendor that was contracted to remove and replace a common retaining wall on their adjacent real properties. ACT accepted money, but failed to perform and damaged Plaintiffs' real properties. This action is a suit by Plaintiffs against ACT's insurer, its insurance broker, and the issuing insurance agency, alleging breach of contract, property damage and other claims. Defendant Wolfpack Insurance Services and Defendant Keith Wolf (the "Wolfpack Defendants") have been served and have answered. Defendant Atlantic Casualty Insurance Company ("ACIC"), understood to be a foreign

1

"unauthorized" surplus lines insurance company, was served with a summons and complaint on June 18, 2018. Defendant ACIC subsequently agreed through counsel to acknowledge service but has failed and refused to do so, preventing Plaintiffs from pursuing discovery. Defendant ACIC appeared without preserving any defenses, and has therefore waived its defenses.

## Argument and Citation of Law

"A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." See O.C.G.A. § 9-11-12(a). Under O.C.G.A. § 9-11-55(a), "[i]f om any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day pf default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury . . . " Here, service was perfected on Defendant Auto-Owners Insurance Company ("Auto-Owners"), but its two attorneys ("Insurance Counsel") elected to drop Auto-Owners from the case and replace it with a subsidiary of Auto-Owners, Atlantic Casualty Insurance Company ("ACIC") which could not be served in Georgia because it was an "unauthorized foreign surplus lines carrier" issuing policies in Georgia. Insurance Counsel admit that they represent both insurers. Such election was agreed to by Plaintiffs' counsel on the specific condition that Insurance Counsel file an acknowledgement of service for ACIC. Insurance Counsel drafted a form of acknowledgment of service which was presented to and approved by Plaintiffs' counsel, but was

2

never filed by Insurance Counsel.  Nevertheless, ACIC has acknowledged service by implication and is in default.  No answer and defenses have been filed.

When a defendant appears and wishes to contend that service of process is insufficient and that, as a result, the court lacks personal jurisdiction, the defendant must raise the issue in the first responsive pleading or motion, and if the issue is not raised, it is waived.  See, Merry v. Robinson, 313 Ga. App. 321, 721 S.E.2d 567 (2011), cert. denied (Apr. 24, 2012).  The Georgia Civil Practice Act provides that a defense of insufficiency of service of process is waived if it is not included in a responsive pleading of the objecting party as originally filed, or made in a motion by that party whenever any motion is made by the objecting party presenting defenses in the action. See, O.C.G.A. § 9-11-12 (h)(1)(B); § 9-11-12 (g).  This statute reinforces the long-standing principle in Georgia that an appearance and pleading by a defendant acts as a waiver of all irregularities in the process, or of the absence of process, or of void process unless the defendant reserves the right to object to process later.  See Myers v. Griner, 120 Ga. 723, 48 S.E. 113 (1904).

An implication of implied waiver must arise from circumstances appearing after the filing of the action by the plaintiff and must, in addition, be based on factual circumstances attributable to the defendant.  See, Ellerbee v. Interstate Contract Carrier Corp., 183 Ga. App. 828, 360 S. E. 2d 280 (1987).  Thus, a general appearance by the defendant without any prior objection to the validity of service of process is a waiver of any such objection.  See, Brown v. Fokes Properties 2002, Inc., 283 Ga. 231, 657 S. E. 2d 820 (2008).  That principle includes motions, for example. See Bigley v. Lawrence, 149 Ga. App. 249, 253 S. E.2d 870 (1979).

3

1.    **ACIC Agreed To Acknowledge Service But Either Failed Or Refused To File The Agreed Form of Acknowledgment.**

The undisputed facts in this case are as follows: Defendant Auto-Owners Insurance Company's ("Auto-Owners") Answer was due on July 18, 2018, the 30th day after the summons and complaint were served on Auto-Owners' registered agent on June 18, 2018. Upon request from Insurance Counsel (to which undersigned Plaintiffs' counsel readily agreed), the due date to answer was extended by agreement with Plaintiffs' counsel to August 2, 2018 and then to August 24, 2018. Auto-Owners was "dropped" from the case on August 7, 2018.

Insurance Counsel proposed in writing to undersigned Plaintiffs' counsel that Auto-Owners be dismissed:

... because Auto Owners did not write (or have anything to do with) the subject policy.

.. In turn, Atlantic Casualty [ACIC] has agreed to acknowledge service of Plaintiffs' Verified Complaint. I've attached a copy of the acknowledgment for you, King[1], to review and bless.

See Certificate of Default Judgment Against Atlantic Casualty Insurance Company (hereinafter, "ACIC" or "Atlantic") filed concurrently herewith (the "Certificate"), ¶ 5.

Plaintiffs' counsel consented to dismiss Auto-Owners, however, Plaintiffs had a contingency. In his July 30, 2018 responsive email to Insurance Counsel, undersigned Plaintiffs' counsel stated:

I am agreeable to dismissing Auto Owners without prejudice if you will acknowledge service for Atlantic.

See Certificate ¶ 5.

─────────────────

[1] Referring to undersigned Plaintiffs' counsel, H. King Buttermore III.

4

Subsequently, on August 7, 2018, Insurance Counsel filed a "Consent Motion To Drop Defendant Auto-Owners Insurance Company As A Party." See Certificate ¶ 5. The motion described the insurance policy that ACIC had issued and that the "Wolfpack Defendants"[2] had procured.

Significantly, the motion is signed by counsel identified below his signature line as

*Counsel for Auto-Owners Insurance Company*
*and Atlantic Casualty Insurance Company*

Said Insurance Counsel apparently also signed as agreed for undersigned Plaintiffs' counsel "w/express perm." Attached to the motion was a "(Proposed) Consent Order" that was marked "Prepared and consented to" by submitting counsel who is identified below the signature line as:

*Counsel for Auto-Owners Insurance Company*
*and Atlantic Casualty Insurance Company.*

As shown on their email signature blocks, Insurance Counsel both are with the same law firm and both represent Defendant ACIC. Judge Melodie Snell Conner signed the Consent Order as proposed and the Consent Order was filed on August 10, 2018. On or about November 7, 2018, the case was then transferred to Cobb Superior Court from Gwinnett Superior Court.

The basis for that Consent Motion was that the dropping of Auto-Owners from the case had caused venue to vanish in Gwinnett County, because no other defendants resided there. But at no time during the negotiations among respective counsel leading to the Consent Motion was it ever asserted that personal jurisdiction over ACIC was in question.

---

[2] The Wolfpack Defendants have filed their Answers.

5

2.    **Although The Agreed Form Of Acknowledgment of Service Has Not Yet Been Filed By ACIC's Insurance Counsel, Service And Process Were Waived And Acknowledged By Implication Because ACIC's Counsel Appeared In The Gwinnett County Action Without Asserting Defenses**

First, Insurance Counsel admitted that "Atlantic Casualty Insurance Company has agreed to acknowledge service of Plaintiffs' Verified Complaint." See, Certification, ¶ 5. Insurance counsel drafted a proposed "Acknowledgment of Service and Waiver of Process" for Plaintiff's counsel to "review and bless" but the agreement had already been consummated. The consideration for the agreement was that Plaintiffs agreed to consent to the dismissal of Auto-Owners from the case, in reliance upon Insurance Counsel's representation that Auto Owners "did not write (or have anything to do with) the subject policy" and that the acknowledgement would be signed. Id. Despite the agreement, no acknowledgment of service by ACIC has been filed.

Next, Insurance Counsel made a general appearance (and not a special appearance) on August 7, 2018. He identified himself as counsel for "Atlantic Casualty Insurance Company" in the motion he drafted and also in his (Proposed) Consent Order that Judge Conner signed. "Where a defendant waives service by acknowledgment of service **or** by making a general appearance in the case without service, the defendant shall have thirty days from that date within which to answer or to otherwise respond before he is in default" (emphasis added). In Bigley, Id., the Georgia Court of Appeals held at 250:

> It is a long standing rule of law that where the record discloses that a defendant was never served with a copy of the complaint and summons attached thereto, and if the defendant has not either waived service or made a general appearance in the case, there is no valid suit pending in the trial court and the trial court does not acquire personal jurisdiction over the defendant. Larsen v. Larsen, 224 Ga. 112, 160 S.E.2d 383 (1968). However, any act by which one consents to the jurisdiction of the court constitutes a waiver. Jones v. Roberts Marble Co., 90 Ga.App. 830, 84 S.E.2d 469 (1954). A consent judgment extending a temporary restraining order is sufficient to constitute a waiver. Moss v. Bishop, 235 Ga. 616, 221 S.E.2d 38 (1975), as is an objection to interrogatories, Sorrells v. Cole, 111 Ga.App. 136, 141 S.E.2d 193

6

> (1965), and a general demurrer, Hatcher v. Ga. Farm Bur. Mut. Ins. Co., 112 Ga.App. 711, 146 S.E.2d 535 (1965). Therefore, where appellant files a motion for summary judgment based upon the merits of the case, he has made a general appearance and waived any defects in the service of the complaint.

Insurance Counsel, appearing as Counsel for both Auto-Owners Insurance Company and Atlantic Casualty Insurance Company (as indicated below the signature line in two separate pleadings), made six representations to the Court on behalf of ACIC in a motion and proposed order that were drafted by them:

● First, Insurance Counsel represented in paragraph 2 of the consent motion on behalf of ACIC that ACIC had "issued" the subject policy.

● Second, Insurance Counsel represented in paragraph 4 of the consent motion that "Atlantic [ACIC] has agreed to acknowledge service of Plaintiffs' Verified Complaint" which unambiguously must be interpreted as having occurred the past tense. Such agreement had already been reached. Undersigned Plaintiffs' counsel required such before he would consent to his name being signed by ACIC counsel on the Consent Motion.

● Third, Insurance Counsel represented in paragraph 5 of the Consent Motion, that ACIC did "consent to the dismissal of Auto-Owners."

● Fourth, Insurance Counsel represented in paragraph 6 of the motion that "Each of the other Defendants [including ACIC] shall remain a party in this case."

● Fifth, Insurance Counsel signed their names as "Counsel for Atlantic Casualty Insurance Company" on page 2 of the consent motion.

7

●Sixth, Insurance Counsel also signed their names as "Counsel for Atlantic Casualty Insurance Company" on the (Proposed) Order that Judge Conner entered.

ACIC consented to the jurisdiction of the Court when it "consented to the dismissal of Auto-Owners" so it would become the defendant that issued the subject insurance policy in Auto-Owners' stead.  ACIC failed to raise any objection to the jurisdiction of the court in its first responsive pleading or motion under the doctrine espoused in Merry v. Robinson and Bigley, Id.

"Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." See Cutliffe v. Pryse, 187 Ga. 51, 200 S. E. 124 (1938).

As required by O.C.G.A. § 9-11-12 (a), ACIC after it appeared, had 30 days to serve its answer, which it failed to do. "If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law." See O.C.G.A. § 9-11-55 (a). The time for opening the default by right allowed by O.C.G.A. § 9-11-55 (a) has also passed, so ACIC also failed to open the default as a matter or right in the time allowed.

## 2.    By Appearing Without Asserting Defenses, Defendant ACIC Waived Certain of Its Defenses, Including Its Right To Object To Venue.

Insurance Counsel have asserted that now that this case has been transferred to Cobb Superior Court (on motion of Wolfpack Defendants), Defendant ACIC desires to have the case against it transferred a second time, to Fulton County and will request such from this Court. Their argument is that O.C.G.A. § 33-5-34 "mandates" that venue for a case against a "foreign

8

unauthorized surplus lines carrier" must be in the county where the "cause of action" arose.

However, the opportunity for asserting venue as a defense has passed:

> However, the defense of improper venue may be waived "[i]f it *782 is neither made by motion under [OCGA § 9-11-12] nor included in a responsive pleading, as originally filed." OCGA § 9-11-12(h)(1)(B). OCGA § 9-11-12(b)(3) requires that the defense of improper venue be asserted in the responsive pleading or made by written motion filed at or before the time of pleading.
>
> Orkin Exterminating Co. v. Morrison, 187 Ga. App. 780, 781–82, 371 S.E.2d 407, 409 (1988)

"While it is not necessary to set forth in a responsive pleading reasons why venue is improper, in order to *assert* the defense, a defendant must make reference to venue," Id. at 782.

Further, Defendant ACIC has stated that it plans to seek bifurcation of the case so that separate defendants (the insurer and the agent/agency may defend the case in two different Superior Courts even though this case arises from the same set of operative facts. Requiring Plaintiff homeowners to pursue their claims arising from the same set of operative facts in two different courts in two separate counties does not comport with the ends of justice, would cause Plaintiffs unnecessary trouble and expense, and is not in the interest of judicial economy.

Plaintiffs were entitled to rely on the acceptance by Defendant ACIC of their contingency.

For all of these reasons, default judgment should be entered in favor of Plaintiffs against Defendant ACIC as follows:

(a)     an Order by this Court shall be entered "that ACIC is obligated to provide insurance coverage pursuant to the policy it issued to ACT for the liquidated amount of the Judgment entered in favor of Plaintiffs against ACT in the amount of $80,000.00;

(b)     an Order by this Court shall be entered "that ACIC shall pay the lien claimants the amounts set forth in the Judgment entered in favor of Plaintiffs against ACT";

9

(c)     An Order by the Court "that ACIC shall pay the attorney's fees and other expenses of litigation owing to Defendants having acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense pursuant to O.C.G.A. § 13-6-11 in an amount to be proved" and

(d)     Such other and further relief as this Court may deem just and proper.

Respectfully submitted this _26^Th_day of November, 2018.

MARTENSON, HASBROUCK & SIMON LLP

_____

H. King Buttermore III
State Bar of Georgia No.  100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
404-909-8119
404-909-8120 (fax)
Hkbuttermore@martensonlaw.com

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

LINDSEY BROWN, RICHARD STONE, )
DIANE STONE, JOHN ANDERSON, )
and KRISTIN ANDERSON, )
                                     )     CIVIL ACTION FILE NO.
      Plaintiffs, )     18-1-8343-99
                                       )
v. )
                                       )
ATLANTIC CASUALTY INSURANCE )
COMPANY, )
                                       )
WOLFPACK INSURANCE SERVICES, )
                                       )
and )
                                       )
KEITH WOLF, Agent, Individually, )
                                       )
      Defendants. )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties of record in the foregoing matter with a copy of *PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY* with the Clerk of Court using PeachCourt e-file system which will automatically send email notification of such filing to the following attorneys of record, and by depositing a copy of the same in the United States mail, in an envelope properly addressed to the following, with adequate postage thereon to:

Dana K. Maine
M. Brandon Howard
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Steven D. Ginsburg
Daniel P. Hendrix
Litchfield Cavo LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339

6

This 26th day of November, 2018.

MARTENSON, HASBROUCK & SIMON LLP

H. King Buttermore III
Georgia Bar No. 100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119
hkingbuttermorer@martensonlaw.com

7

ID# 2018-0164259-CV
⏚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**18108343**

NOV 26, 2018 04:03 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| LINDSEY BROWN, RICHARD STONE, DIANE STONE, JOHN ANDERSON, and KRISTIN ANDERSON, ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE NO. 18-1-8343-99 |
| v. ) | |
| ATLANTIC CASUALTY INSURANCE COMPANY, ) ) | |
| WOLFPACK INSURANCE SERVICES, ) | |
| and ) | |
| KEITH WOLF, Agent, Individually, ) | |
| Defendants. ) | |

## CERTIFICATE OF DEFAULT JUDGMENT AGAINST DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY

Plaintiffs Lindsey Brown, Richard Stone, Diane Stone, John Anderson, and Kristin Anderson (hereafter, "Plaintiffs") hereby submit their Certificate for Default Judgment Against Defendant Atlantic Casualty Insurance Company ("Defendant ACIC") pursuant to Uniform Superior Court Rule 15 and certify to the Court the following:

1.     Service was perfected upon Defendant Auto-Owners Insurance Company ("Defendant Auto-Owners") by serving Linda Banks of CT Corporation System on June 18, 2018. See, Affidavit of Service filed on June 21, 2018, a stamped filed copy of which is attached hereto as Exhibit 1 and incorporated herein by reference; Verified Complaint ¶ 9.

2.     Plaintiffs were unable to identify Defendant ACIC as being listed in the Georgia Secretary of State records to obtain the name of its registered agent, nor were Plaintiffs able to

1

identify Defendant ACIC as being listed in the Georgia Commissioner of Insurance's records. Plaintiffs determined that Defendant ACIC had been acquired by Defendant Auto-Owners. Thus, the original style of this case was "Atlantic Casualty Insurance Company, a subsidiary of Auto-Owners Insurance Company." See, Verified Complaint ¶¶ 8-12.

3.     On July 16, 2018, Daniel Hendrix, Esq., called undersigned Plaintiffs' counsel to introduce himself as counsel for Auto-Owners. He followed up with an e-mail that same day transmitting "(1) a Stipulation to extend Auto-Owners' time to answer and (2) the underlying insurance policy. Please let me know whether I can sign and file the Stipulation on your behalf." See Copy of email chain originating with email from Daniel Hendrix, Esq. to undersigned dated July 16, 2018 at 5:50 PM up and through a response email dated July 18, 2018 at 8:23 AM, attached hereto and incorporated herein as Exhibit 2. Undersigned Plaintiffs' counsel responded: "You may sign my name "with express permission" and file it."

4.     The stipulation to extend time to August 2, 2018 for Defendant Auto-Owners to answer was filed on July 19, 2018. A second stipulation to extend time to August 24, 2018 for Defendant Auto-Owners  was signed by Mr. Hendrix "w/express permission" on August 2, 2018 and was filed the same day.

5.     On July 31, 2018, Mr. Hendrix sent an e-mail to other counsel in the case (including the undersigned) and stated: "As we've discussed Plaintiffs intend to dismiss Auto-Owners Insurance Company without prejudice because Auto Owners did not write (or have anything to do with) the subject insurance policy. We've prepared a Stipulation of Dismissal Without Prejudice, which I've attached. Please let me know if you consent and that we may sign and file on your behalf. . . . In turn, Atlantic Casualty Insurance Company has agreed to acknowledge service of Plaintiffs' Verified Complaint. I've attached a copy of the Acknowledgment for you, King, to

review and bless." See Copy of email from Mr. Hendrix to various counsel dated July 31, 2018 at 8:56 AM which is attached hereto and incorporated herein as Exhibit 3 with attached proposed "Acknowledgment of Service and Waiver of Process" by Defendant ACIC, a copy of which is attached to the July 31, 2018 email. On July 30, 2018, undersigned Plaintiffs' counsel responded to Mr. Hendrix by email and stated:

> I am agreeable to dismissing Auto Owners without prejudice if you will acknowledge service for Atlantic.

See Copy of Email from undersigned Plaintiffs' counsel to Daniel Hendrix, Esq. dated July 30, 2018 at 4:52 PM, attached hereto and incorporated herein as Exhibit 4 At 4:54 PM that same day, Mr. Hendrix responded by email "Thanks, King. We'll get you a dismissal and an acknowledge of service shortly." See Copy of email from Mr. Hendrix to undersigned Plaintiffs' counsel attached hereto and incorporated herein as Exhibit 5.

6.      On August 7, 2018, counsel for Defendant Auto-Owners filed a "Consent Motion To Drop Defendant Auto-Owners Insurance Company As A Party." A copy of that Consent Motion is attached hereto and incorporated herein as Exhibit 6. The motion referenced in its paragraph 2 "a general liability policy held by ACT[1] that was issued by Atlantic Casualty Insurance Company ("Atlantic") and procured for ACT by [co-Defendants] Wolfpack Insurance Services and Keith Wolf." Paragraph (4) of the consent motion states: "Also, Atlantic has agreed to acknowledge service of Plaintiffs' Verified Complaint." Paragraph (6) of the consent motion states: "Each of the other Defendants shall remain a party in this case" [referring to Defendant Wolfpack Insurance, Defendant Keith Wolf, and Defendant ACIC]. The motion is signed by Steven D. Ginsburg, Esq., identified as:

---

[1] The underlying judgment debtor and party that was insured by Defendant ACIC in the prior case that gave rise to this action.

3

*Counsel for Auto-Owners Insurance Company
and Atlantic Casualty Insurance Company*

As previously agreed, Mr. Ginsburg apparently also signed that motion for undersigned Plaintiffs' counsel "w/express perm." Attached to the motion was a "(Proposed) Consent Order" that was marked "Prepared and consented to" by Mr. Ginsburg, who is identified for a second time as:

*Counsel for Auto-Owners Insurance Company
and Atlantic Casualty Insurance Company.*

Judge Melodie Snell Conner signed the Consent Order as proposed. The proposed Order was also signed by Mr. Ginsburg for undersigned Plaintiffs' counsel with permission, and was filed on August 10, 2018.

7.    On August 17, 2018, undersigned Plaintiffs' counsel requested from Mr. Hendrix and Mr. Ginsburg again for the Acknowledgment of Service to be sent to him for filing. See copy of email dated August 17, 2018 at 8:54 AM attached hereto and incorporated herein as Exhibit 7. The signed acknowledgment was not transmitted.

8.    Neither Defendant Auto-Owners nor Defendant ACIC filed any further pleadings after the Consent Motion and (Proposed) Order were filed on August 7, 2018.

9.    The Acknowledgment of Service and Waiver of Process that was approved as to form by undersigned Plaintiffs' counsel and was a material part of Plaintiffs' agreement to allow Defendant Auto-Owners to be dropped from the case has never been filed.

Respectfully submitted this 26th day of November, 2018.

MARTENSON, HASBROUCK & SIMON LLP

_____
H. King Buttermore III
State Bar of Georgia No. 100101
*Attorney for Plaintiffs*

4

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
404-909-8119
404-909-8120 (fax)
Hkbuttermore@martensonlaw.com

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

LINDSEY BROWN, RICHARD STONE,    )
DIANE STONE, JOHN ANDERSON,      )
and KRISTIN ANDERSON,            )
                                 )
                                 )    CIVIL ACTION FILE NO.
        Plaintiffs,              )    18-1-8343-99
                                 )
v.                               )
                                 )
ATLANTIC CASUALTY INSURANCE      )
COMPANY,                         )
                                 )
WOLFPACK INSURANCE SERVICES,     )
                                 )
and                              )
                                 )
KEITH WOLF, Agent, Individually, )
                                 )
        Defendants.              )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties of record in the foregoing matter with a copy of *CERTIFICATE OF DEFAULT JUDGMENT AGAINST DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY* with the Clerk of Court using PeachCourt e-file system which will automatically send email notification of such filing to the following attorneys of record, and by depositing a copy of the same in the United States mail, in an envelope properly addressed to the following, with adequate postage thereon to:

Dana K. Maine
M. Brandon Howard
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Steven D. Ginsburg
Daniel P. Hendrix
Litchfield Cavo LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339

6

This __26th__ day of November, 2018.

MARTENSON, HASBROUCK & SIMON LLP

_H. King Buttermore_

H. King Buttermore III
Georgia Bar No. 100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119
hkingbuttermorer@martensonlaw.com

7

# EXHIBIT 1

CIVIL ACTION NO. **18 A 0 ⌐266 - 7**

DATE FILED  6/15/18

[ ] MAGISTRATE [ ] STATE [X] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

H. King Buttermore III

Martenson, Hasbrouck + Simon LLP

3379 Peachtree Rd., Suite 400

Atlanta, GA 30326

Lindsey Brown, Richard Stone,

Diane Stone, John Anderson, Kristin

**PLAINTIFF(S)** Anderson

vs. Atlantic Casualty Insurance Co.,

Auto-Owners Insurance Co.,

**DEFENDANT(S)** Wolfpack Insurance Services +

Keith Wolf

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Auto Owners Insurance Company

C/o Reg. Agent: Linda Banks

CT Corporation System

289 S. Culver Street

Lawrenceville, GA 30046

**GARNISHEE**

Other attached documents to be served:

RECEIVED 2018 JUN 18 PH 12: 18  CIVIL DIV. G.C.S.C.

### SHERIFF'S ENTRY OF SERVICE
I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**  Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and _____ inches, domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation  Auto Owners Insurance Company

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____    Banks _____, its registered agent.

[ ] **TACK & MA**
same day of such
addressed to the
summons at the

ID# Filed In Office Nov-09-2018 15:38:52
2018-0157498-CV
Page 1

_____ designated in the affidavit and/or summons, and on the
____st Class mail, in an envelope properly
____tice to the defendant(s) to answer said

[ ] **NON EST**

Rebecca Keaton
Clerk of Superior Court Cobb County

____nd in the jurisdiction of the court.

RICHARD ALEXANDER, CLERK 2018 JUN 21 PH 4: 35  FILED IN OFFICE CLERK SUPERIOR COURT GWINNETT COUNTY, GA  q300

This ___19___ day of _____June_____, 20___

SHERIFF DOCKET_____ PAGE_____

TIME: _____ . M.

DEPUTY

# EXHIBIT 2

H. King Buttermore

| | |
|---|---|
| **From:** | H. King Buttermore |
| **Sent:** | Wednesday, July 18, 2018 8:23 AM |
| **To:** | 'Hendrix, Daniel' |
| **Subject:** | RE: Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al. |

Dan:

You may sign my name "with express permission" and file it. I look forward to working with you.

King

**H. King Buttermore III** | Attorney

**Martenson, Hasbrouck & Simon LLP**
3379 Peachtree Road, NE
Suite 400
Atlanta, GA 30326
T: (404) 909-8119 | F: (404) 909-8120
hkbuttermore@martensonlaw.com | martensonlaw.com

 **MARTENSON HASBROUCK & SIMON LLP**

**From:** Hendrix, Daniel <hendrix@litchfieldcavo.com>
**Sent:** Tuesday, July 17, 2018 5:17 PM
**To:** H. King Buttermore <hkbuttermore@martensonlaw.com>
**Cc:** Ash, Kaitlin <ash@litchfieldcavo.com>
**Subject:** RE: Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al.

Hi King:

Can we file the stipulation? Thanks!

Daniel Hendrix, Esq.
LITCHFIELD CAVO LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339-2143
(770) 628-7111 Main
(770) 628-7114 Direct
hendrix@litchfieldcavo.com
www.litchfieldcavo.com

**From:** Hendrix, Daniel
**Sent:** Monday, July 16, 2018 5:50 PM
**To:** 'Hkbuttermore@martensonlaw.com'
**Cc:** Ginsburg, Steven; Ash, Kaitlin
**Subject:** Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al.

King:

1

Very nice talking with you today.  Per our conversation, I am attaching (1) a Stipulation to extend Auto-Owners' time to answer and (2) the underlying insurance policy.  Please let me know whether I can sign and file the Stipulation on your behalf.  Thanks.

**Daniel Hendrix, Esq.**
**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339-2143
(770) 628-7111 Main
(770) 628-7114 Direct
hendrix@litchfieldcavo.com
www.litchfieldcavo.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

Atlanta | Boston area | Chicago | Dallas-Fort Worth | Fort Lauderdale | Hartford area | Houston | Indiana
Las Vegas | Los Angeles | Louisiana | Milwaukee | New Jersey | New York | Philadelphia
Phoenix | Pittsburgh | Providence | Salt Lake City | St. Louis | Tampa | West Virginia

2

# EXHIBIT 3

H. King Buttermore

| | |
|---|---|
| **From:** | Hendrix, Daniel <hendrix@litchfieldcavo.com> |
| **Sent:** | Tuesday, July 31, 2018 8:56 AM |
| **To:** | Brandon Howard; H. King Buttermore |
| **Cc:** | Dana Maine; Penny M. Tapia; Romi Torres; Ginsburg, Steven; Ash, Kaitlin |
| **Subject:** | RE: Brown et al v. Atlantic et al |
| **Attachments:** | 2018.07.31 - Dismissal - Auto Owner1.docx; 2018.07.31 - Acknowledgement of Service and Waiver of Process - Atlantic....docx |

Counsel:

As we've discussed, Plaintiffs intend to dismiss Auto-Owners Insurance Company without prejudice because Auto-Owners did not write (or have anything to do with) the subject insurance policy. We've prepared a Stipulation of Dismissal Without Prejudice, which I've attached. Please let me know if you consent and that we may sign and file on your behalf. I do need your bar numbers, Dana and Brandon, or if you would send us a copy of your clients' Answer and Motion for Judgment on the Pleadings (we did not receive copies), I can pull the numbers from there.

In turn, Atlantic Casualty Insurance Company has agreed to acknowledge service of Plaintiffs' Verified Complaint. I've attached a copy of the Acknowledgment for you, King, to review and bless.

Thanks much.

**Daniel Hendrix, Esq.**
**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339-2143
(770) 628-7111 Main
(770) 628-7114 Direct
hendrix@litchfieldcavo.com
www.litchfieldcavo.com

**From:** Brandon Howard [mailto:bhoward@fmglaw.com]
**Sent:** Monday, July 30, 2018 5:13 PM
**To:** H. King Buttermore
**Cc:** Hendrix, Daniel; Dana Maine; Penny M. Tapia; Romi Torres
**Subject:** RE: Brown et al v. Atlantic et al

King –

It was good to speak with you this afternoon as well. As discussed, we will confer on our end and examine what venue we believe to be appropriate following Auto-Owners' dismissal.

In a separate call, Daniel mentioned to me that a stipulation of dismissal for Auto-Owners is being prepared. We request to see and review any such stipulation before action is taken.

I will follow up with you later this week after we have had an opportunity to digest this information.

Regards,

Brandon

1

**Brandon Howard**
*Attorney*
**Freeman Mathis & Gary, LLP**
**100 Galleria Parkway | Suite 1600 | Atlanta, GA 30339-5948**
**D: 678.996.9111 | F: 770.937.9960 | C: 702.817.1245**
bhoward@fmglaw.com | www.fmglaw.com

 FREEMAN MATHIS & GARY.LLP
Your Problem Solved
A *Corporate Counsel Magazine* "Go-To Law Firm®" for litigation
**California | Florida | Georgia | New Jersey | New York | North Carolina | Pennsylvania**
Please read this important notice and confidentiality statement

**From:** H. King Buttermore <hkbuttermore@martensonlaw.com>
**Sent:** Monday, July 30, 2018 5:02 PM
**To:** Brandon Howard <bhoward@fmglaw.com>
**Cc:** Hendrix, Daniel <hendrix@litchfieldcavo.com>
**Subject:** Brown et al v. Atlantic et al

Brandon:

It was nice to meet you by phone. I will look forward to working with you on this case.

This will confirm that we discussed transferring the case to Fulton in the interest of convenience for all parties because as it turns out, we filed in Gwinnett only because of Auto Owners' registered agent being there, and it is going to be dismissed.

Please let me know your thoughts after you discuss this proposal with your partner. Daniel Hendrix is copied. He is representing Atlantic.

Here is Daniel's information:

Daniel Hendrix, Esq.
LITCHFIELD CAVO LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339-2143
(770) 628-7111 Main
(770) 628-7114 Direct
hendrix@litchfieldcavo.com

King

**H. King Buttermore III** | Attorney

**Martenson, Hasbrouck & Simon LLP**
3379 Peachtree Road, NE
Suite 400
Atlanta, GA 30326
T: (404) 909-8119 | F: (404) 909-8120
hkbuttermore@martensonlaw.com | martensonlaw.com

 MARTENSON
HASBROUCK
& SIMON LLP

2

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LINDSEY BROWN, RICHARD STONE,           )
DIANE STONE, JOHN ANDERSON,             )
and KRISTIN ANDERSON,                   )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )       Civil Action File No.: 18A-05266-7
                                        )
ATLANTIC CASUALTY INSURANCE             )
COMPANY, a subsidiary of AUTO-          )
OWNERS INSURANCE COMPANY;               )
WOLFPACK INSURANCE SERVICES,            )
and KEITH WOLF, agent, individually,    )
                                        )
        Defendants.                     )
_____)

## ATLANTIC CASUALTY INSURANCE COMPANY'S
## ACKNOWLEDGEMENT OF SERVICE AND WAIVER OF PROCESS

Defendant, **Atlantic Casualty Insurance Company**, by and through its undersigned

counsel, hereby acknowledges service of Plaintiff's Verified Complaint, and receipt of a copy of

same, and waives the defenses of insufficiency of process and insufficiency of service of process.

Defendant retains all other defenses at law and in equity and shall have thirty (30) days from the

date of the filing of this Acknowledgment and Waiver to file an answer or other responsive

pleading.

This 31st day of July, 2018.

*[Signatures on following page]*

1

STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com

*Counsel for Atlantic Casualty Insurance Company*

H. KING BUTTERMORE III *(signed w/ express*
Georgia Bar No. 100101  *permission)*

**MARTENSON, HASBROUCK & SIMON, LLP**
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119
Hkbuttermore@martensonlaw.com

*Counsel for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **ATLANTIC CASUALTY INSURANCE COMPANY'S ACKNOWLEDGEMENT OF SERVICE AND WAIVER OF PROCESS** upon all parties to this matter via U.S. Mail, postage prepaid, to counsel of record as follows:

H. King Buttermore III, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
*Counsel for Plaintiffs*

Dana Maine, Esq.
M. Brandon Howard, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
*Counsel for Defendants Keith Wolf and Wolfpack Insurance Services*

This 31st day of July, 2018.

_____
STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com

*Counsel for Atlantic Casualty Insurance Company*

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LINDSEY BROWN, RICHARD STONE, DIANE STONE, JOHN ANDERSON, and KRISTIN ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC CASUALTY INSURANCE COMPANY, a subsidiary of AUTO-OWNERS INSURANCE COMPANY; WOLFPACK INSURANCE SERVICES, and KEITH WOLF, agent, individually, <br><br> Defendants. | Civil Action File No.: 18A-05266-7 |

STIPULATION OF DISMISSAL WITHOUT PREJUDICE
OF AUTO-OWNERS INSURANCE COMPANY

COME NOW, Plaintiffs, by and through their undersigned counsel, and dismiss their claims against Defendant, **Auto-Owners Insurance Company**, *without prejudice*. Pursuant to O.C.G.A. § 9-11-41(a)(1)(B), this stipulation of dismissal is signed by all parties who have appeared in this action. The parties request that the Clerk of Court adjust the case caption accordingly to reflect the dismissal of Auto-Owners Insurance Company.

This 31st day of July, 2018.

STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

LITCHFIELD CAVO LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339

H. KING BUTTERMORE III
Georgia Bar No. 100101

MARTENSON, HASBROUCK & SIMON, LLP
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119

1

Phone: (770) 628-7111                     Hkbuttermore@martensonlaw.com
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com                *Counsel for Plaintiffs*

*Counsel for Auto-Owners Insurance Company*
*and Atlantic Casualty Insurance Company*


_____
DANA K. MAINE
Georgia Bar No.
M. BRANDON HOWARD
Georgia Bar No.

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
Phone: (770) 818-0000
dmaine@fmglaw.com
bhoward@fmglaw.com

*Counsel for Defendants Keith Wolf and*
*Wolfpack Insurance Services*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF AUTO-OWNERS INSURANCE COMPANY** upon all parties to this matter via U.S. Mail, postage prepaid, to counsel of record as follows:

H. King Buttermore III, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326

*Counsel for Plaintiffs*

Dana K. Maine, Esq.
M. Brandon Howard, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

*Counsel for Defendants Keith Wolf and
Wolfpack Insurance Services*

This 31st day of July, 2018.

STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

LITCHFIELD CAVO LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com

*Counsel for Atlantic Casualty Insurance Company
and Auto-Owners Insurance Company*

# EXHIBIT 4

H. King Buttermore

| | |
|---|---|
| **From:** | H. King Buttermore |
| **Sent:** | Monday, July 30, 2018 4:52 PM |
| **To:** | 'Hendrix, Daniel' |
| **Subject:** | RE: Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al. |

Daniel:

I just spoke with Brandon Howard. I explained what was going on about Auto-Owners being dismissed and why we filed in Gwinnett. He said he would discuss the idea with "my partner" Dana Maine and get back to me.

I sensed that he would not be doing that in a rush however, because he said he would let me know whenever I filed my answer to his motion.

(I will send him a confirmatory email and copy you so he will have your information).

I am agreeable to dismissing Auto Owners without prejudice if you will acknowledge service for Atlantic.

King


**H. King Buttermore III** | Attorney

Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, NE
Suite 400
Atlanta, GA 30326
T: (404) 909-8119 | F: (404) 909-8120
hkbuttermore@martensonlaw.com | martensonlaw.com

 MARTENSON
HASBROUCK
& SIMON LLP

From: Hendrix, Daniel <hendrix@litchfieldcavo.com>
Sent: Monday, July 16, 2018 5:50 PM
To: H. King Buttermore <hkbuttermore@martensonlaw.com>
Cc: Ginsburg, Steven <ginsburg@litchfieldcavo.com>; Ash, Kaitlin <ash@litchfieldcavo.com>
Subject: Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al.

King:

Very nice talking with you today. Per our conversation, I am attaching (1) a Stipulation to extend Auto-Owners' time to answer and (2) the underlying insurance policy. Please let me know whether I can sign and file the Stipulation on your behalf. Thanks.

Daniel Hendrix, Esq.

1

# EXHIBIT 5

H. King Buttermore

| | |
|---|---|
| **From:** | Hendrix, Daniel <hendrix@litchfieldcavo.com> |
| **Sent:** | Monday, July 30, 2018 4:54 PM |
| **To:** | H. King Buttermore |
| **Subject:** | RE: Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al. |

Thanks, King. We'll get you a dismissal and an acknowledge of service shortly.

**Daniel Hendrix, Esq.**
**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339-2143
(770) 628-7111 Main
(770) 628-7114 Direct
hendrix@litchfieldcavo.com
www.litchfieldcavo.com

**From:** H. King Buttermore [mailto:hkbuttermore@martensonlaw.com]
**Sent:** Monday, July 30, 2018 4:52 PM
**To:** Hendrix, Daniel
**Subject:** RE: Brown, Stone, and Anderson v. Atlantic Casualty Ins. Co. et al.

Daniel:

I just spoke with Brandon Howard. I explained what was going on about Auto-Owners being dismissed and why we filed in Gwinnett. He said he would discuss the idea with "my partner" Dana Maine and get back to me.

I sensed that he would not be doing that in a rush however, because he said he would let me know whenever I filed my answer to his motion.

(I will send him a confirmatory email and copy you so he will have your information).

I am agreeable to dismissing Auto Owners without prejudice if you will acknowledge service for Atlantic.

King

**H. King Buttermore III | Attorney**

**Martenson, Hasbrouck & Simon LLP**
3379 Peachtree Road, NE
Suite 400
Atlanta, GA 30326
T: (404) 909-8119 | F: (404) 909-8120
hkbuttermore@martensonlaw.com | martensonlaw.com



**MARTENSON**
**HASBROUCK**
**& SIMON LLP**

1

# EXHIBIT 6

IN THE SUPERIOR COURT OF GWINNETT COUNTY
**STATE OF GEORGIA**

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2018 AUG -7  PM 12: 26

RICHARD ALEXANDER, CLERK

LINDSEY BROWN, RICHARD STONE,  )
DIANE STONE, JOHN ANDERSON,  )
and KRISTIN ANDERSON,  )
          )
    Plaintiffs,  )
          )
v.  )    Civil Action File No.: 18A-05266-7
          )
ATLANTIC CASUALTY INSURANCE  )
COMPANY, a subsidiary of AUTO-  )
OWNERS INSURANCE COMPANY;  )
WOLFPACK INSURANCE SERVICES,  )
and KEITH WOLF, agent, individually,  )
          )
    Defendants.  )
_____)

## CONSENT MOTION TO DROP DEFENDANT
## AUTO-OWNERS INSURANCE COMPANY AS A PARTY

COME NOW, Plaintiffs, **Lindsey Brown, Richard Stone, Diane Stone, John Anderson,** and **Kristen Anderson** (collectively, "Plaintiffs"), and Defendant, **Auto-Owners Insurance Company** ("Auto-Owners") and, pursuant to O.C.G.A. § 9-11-21, move this Court for an Order dropping Auto-Owners as a defendant, and respectfully show the Court as follows:

1.    Plaintiffs obtained a judgment against Atlanta Cross Ties, Inc. ("ACT") on April 26, 2018, in the Superior Court of Cobb County for breach of contract, fraud, and other claims in the amount of $86,782.75 relating to ACT's abandonment of the construction of a retaining wall along Plaintiffs' respective real properties.

2.    Plaintiffs filed the present action to recover the amount of their judgment, among other damages, from Defendants under various theories of liability arising from insurance coverage that Plaintiffs contend is owed to them under a commercial general liability policy held

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

18 AUG -8 PH 3: 51

RICHARD ALEXANDER, CLERK

**IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

LINDSEY BROWN, RICHARD STONE, )
DIANE STONE, JOHN ANDERSON, )
and KRISTIN ANDERSON, )
)
    Plaintiffs, )
)
v. )   Civil Action File No.: 18A-05266-7
)
ATLANTIC CASUALTY INSURANCE )
COMPANY, a subsidiary of AUTO- )
OWNERS INSURANCE COMPANY; )
WOLFPACK INSURANCE SERVICES, )
and KEITH WOLF, agent, individually, )
)
    Defendants. )
_____ )

### (Proposed) CONSENT ORDER

The parties desiring that the Court exercise its discretion by dropping **Auto-Owners Insurance Company** as a Defendant from the above-styled action pursuant to O.C.G.A. § 9-11-21, and all other parties having consented to same, and for good cause having been shown, IT IS HEREBY ORDERED that **Auto-Owners Insurance Company** is dropped from the above-styled action pursuant to O.C.G.A. § 9-11-21 *without prejudice*. The remaining parties and the Clerk of Court shall reflect the change in parties in the case caption of all further pleadings, orders, and notices.

This 8th day of August, 2018.

_____
Judge, Superior Court of Gwinnett County

**EXHIBIT**

tabbies

1

*PREPARED BY AND CONSENTED TO:*

*CONSENTED TO:*

STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com

*Counsel for Auto-Owners Insurance Company
and Atlantic Casualty Insurance Company*

H. KING BUTTERMORE III (*w/express perm.*)
Georgia Bar No. 100101

**MARTENSON, HASBROUCK & SIMON,
LLP**
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119
Hkbuttermore@martensonlaw.com

*Counsel for Plaintiffs*

*CONSENTED TO:*

DANA K. MAINE, ESQ. (*w/express perm.*)
Georgia Bar No. 466580
M. BRANDON HOWARD, ESQ.
Georgia Bar No. 550524

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

*Counsel for Defendants Keith Wolf and Wolfpack Insurance Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **CONSENT MOTION TO DROP DEFENDANT AUTO-OWNERS INSURANCE COMPANY AS A PARTY** upon all parties to this matter via U.S. Mail, postage prepaid, to counsel of record as follows:

H. King Buttermore III, Esq.
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326

*Counsel for Plaintiffs*

Dana K. Maine, Esq.
M. Brandon Howard, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

*Counsel for Defendants Keith Wolf and Wolfpack Insurance Services*

This 7th day of August, 2018.

STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

LITCHFIELD CAVO LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com

*Counsel for Atlantic Casualty Insurance Company and Auto-Owners Insurance Company*

# EXHIBIT 7

H. King Buttermore
_____

| | |
|---|---|
| **From:** | H. King Buttermore |
| **Sent:** | Friday, August 17, 2018 8:54 AM |
| **To:** | 'Hendrix, Daniel' |
| **Cc:** | 'Ginsburg, Steven'; Teresa M. Hearn |
| **Subject:** | RE: Brown et al v. Atlantic et al |

Daniel and Steven:

You sent me the proposed acknowledgement of service for ACIC in the email below. It is fine. It looks like it fell through the crack when Brandon Howard objected to the stipulation for dismissal in the same email and brought up the need for a motion instead and we moved on to that discussion. I regret any inconvenience.

Will you please sign and send it to me and I will sign and file it.

Thank you.

King

**H. King Buttermore III** | Attorney

**Martenson, Hasbrouck & Simon LLP**
3379 Peachtree Road, NE
Suite 400
Atlanta, GA 30326
T: (404) 909-8119 | F: (404) 909-8120
hkbuttermore@martensonlaw.com | martensonlaw.com

 **MARTENSON HASBROUCK & SIMON LLP**

From: Hendrix, Daniel <hendrix@litchfieldcavo.com>
Sent: Tuesday, July 31, 2018 8:56 AM
To: Brandon Howard <bhoward@fmglaw.com>; H. King Buttermore <hkbuttermore@martensonlaw.com>
Cc: Dana Maine <DMAINE@fmglaw.com>; Penny M. Tapia <ptapia@fmglaw.com>; Romi Torres <rtorres@fmglaw.com>; Ginsburg, Steven <ginsburg@litchfieldcavo.com>; Ash, Kaitlin <ash@litchfieldcavo.com>
Subject: RE: Brown et al v. Atlantic et al

Counsel:

As we've discussed, Plaintiffs intend to dismiss Auto-Owners Insurance Company without prejudice because Auto-Owners did not write (or have anything to do with) the subject insurance policy. We've prepared a Stipulation of Dismissal Without Prejudice, which I've attached. Please let me know if you consent and that we may sign and file on your behalf. I do need your bar numbers, Dana and Brandon, or if you would send us a copy of your clients' Answer and Motion for Judgment on the Pleadings (we did not receive copies), I can pull the numbers from there.

In turn, Atlantic Casualty Insurance Company has agreed to acknowledge service of Plaintiffs' Verified Complaint. I've attached a copy of the Acknowledgment for you, King, to review and bless.

1

Thanks much.

**Daniel Hendrix, Esq.**
**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339-2143
(770) 628-7111 Main
(770) 628-7114 Direct
hendrix@litchfieldcavo.com
www.litchfieldcavo.com

**From:** Brandon Howard [mailto:bhoward@fmglaw.com]
**Sent:** Monday, July 30, 2018 5:13 PM
**To:** H. King Buttermore
**Cc:** Hendrix, Daniel; Dana Maine; Penny M. Tapia; Romi Torres
**Subject:** RE: Brown et al v. Atlantic et al

King –

It was good to speak with you this afternoon as well. As discussed, we will confer on our end and examine what venue we believe to be appropriate following Auto-Owners' dismissal.

In a separate call, Daniel mentioned to me that a stipulation of dismissal for Auto-Owners is being prepared. We request to see and review any such stipulation before action is taken.

I will follow up with you later this week after we have had an opportunity to digest this information.

Regards,

Brandon

**Brandon Howard**
*Attorney*
Freeman Mathis & Gary, LLP
100 Galleria Parkway | Suite 1600 | Atlanta, GA 30339-5948
D: 678.996.9111 | F: 770.937.9960 | C: 702.817.1245
bhoward@fmglaw.com | www.fmglaw.com



FREEMAN MATHIS & GARY.LLP
Your Problem Solved

A *Corporate Counsel Magazine* "Go-To Law Firm®" for litigation
**California | Florida | Georgia | New Jersey | New York | North Carolina | Pennsylvania**
Please read this important notice and confidentiality statement

**From:** H. King Buttermore <hkbuttermore@martensonlaw.com>
**Sent:** Monday, July 30, 2018 5:02 PM
**To:** Brandon Howard <bhoward@fmglaw.com>
**Cc:** Hendrix, Daniel <hendrix@litchfieldcavo.com>
**Subject:** Brown et al v. Atlantic et al

Brandon:

2

# EXHIBIT B

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LINDSEY BROWN, RICHARD STONE,       )
DIANE STONE, JOHN ANDERSON,         )
and KRISTIN ANDERSON,               )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )       Civil Action File No.: 18A-05266-7
                                    )
ATLANTIC CASUALTY INSURANCE         )
COMPANY, a subsidiary of AUTO-      )
OWNERS INSURANCE COMPANY;           )
WOLFPACK INSURANCE SERVICES,        )
and KEITH WOLF, agent, individually,)
                                    )
        Defendants.                 )
_____   )

## (Proposed) CONSENT ORDER

The parties desiring that the Court exercise its discretion by dropping **Auto-Owners Insurance Company** as a Defendant from the above-styled action pursuant to O.C.G.A. § 9-11-21, and all other parties having consented to same, and for good cause having been shown, IT IS HEREBY ORDERED that **Auto-Owners Insurance Company** is dropped from the above-styled action pursuant to O.C.G.A. § 9-11-21 *without prejudice*. The remaining parties and the Clerk of Court shall reflect the change in parties in the case caption of all further pleadings, orders, and notices.

This 10 day of August, 2018.

_____
Judge, Superior Court of Gwinnett County

*PREPARED BY AND CONSENTED TO:*

*Febu Andry*

STEVEN D. GINSBURG
Georgia Bar No. 121055
DANIEL P. HENDRIX
Georgia Bar No. 748920

**LITCHFIELD CAVO LLP**
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
Phone: (770) 628-7111
ginsburg@litchfieldcavo.com
hendrix@litchfieldcavo.com

*Counsel for Auto-Owners Insurance Company
and Atlantic Casualty Insurance Company*


*CONSENTED TO:*

*H. King Buttermore III*

H. KING BUTTERMORE III (*w/express perm.*)
Georgia Bar No. 100101

**MARTENSON, HASBROUCK & SIMON, LLP**
3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
Phone: (404) 909-8119
Hkbuttermore@martensonlaw.com

*Counsel for Plaintiffs*


*CONSENTED TO:*

*Dana K. Maine*

DANA K. MAINE, ESQ. (*w/express perm.*)
Georgia Bar No. 466580
M. BRANDON HOWARD, ESQ.
Georgia Bar No. 550524

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

*Counsel for Defendants Keith Wolf and Wolfpack Insurance Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed this **MOTION TO REMAND** with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filings to the following attorneys:

Steven D. Ginsburg
Litchfield Cavo LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, Georgia 30339
ginsburg@litchfieldcavo.com
*Attorney for Defendant*

This 16th day of August, 2019.

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ *H. King Buttermore III*
H. King Buttermore III
State Bar of Georgia No.  100101
*Attorney for Plaintiffs*

3379 Peachtree Road, NE, Suite 400
Atlanta, GA 30326
404-909-8119
404-909-8120 (fax)
Hkbuttermore@martensonlaw.com

17

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1 (D) of the Local Rules of the Northern District of Georgia, the undersigned hereby certifies that the foregoing was prepared in a font and point selection approved by this Court and authorized in Local Rule 5.1.

This 16th day of August, 2019.

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ *H. King Buttermore III*
H. King Buttermore III
State Bar of Georgia No. 100101
*Attorney for Plaintiffs*

18